UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR- 252-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLES NEWBY, | ) | |
| Defendant. | ) | |

This matter is before the court on Charles Newby's May 12, 2011, Motion to Reduce Sentence [DE-47] in light of the "Recency Amendment" to Chapter Four of the advisory United States Sentencing Guidelines ("USSG").[1] He contends that this revision in the advisory Guidelines, effective November 1, 2010, should be applied to recalculate and reduce his sentence, imposed on April 1, 2009. The Fourth Circuit Court of Appeals dismissed Newby's direct appeal by orders [DE-34, -37] entered on February 16 and 27, 2010, respectively.

Because Newby seeks to challenge the fact or duration of his sentence, this request for relief must be pursued, if at all, pursuant to 28 U.S.C. § 2255; he may not avoid the requirements and restrictions of § 2255 litigation by artful pleading or creative captioning. Therefore, as directed by the Supreme Court in *Castro v. United States*, 540 U.S. 375, 383 (2003), the court affords Newby the following:

## NOTICE AND OPPORTUNITY TO AMEND:

**Mr. Newby**, notwithstanding the title you have given your May 12, 2011 motion [DE-47], the court perceives that you are challenging the duration of your confinement by seeking relief from your sentence, which relief may be had, if at all, pursuant to a motion filed under 28

---

[1] "Effective November 1, 2010, the Commission deleted subsection (e) (Recency) in its entirety, stating that "[r]ecent research isolating the effect of § 4A1.1(e) on the predictive ability of the criminal history score indicated that consideration of recency only minimally improves the predictive ability." USSG App. C, amend 742, Author's Comment 1(c) (2011).

U.S.C. § 2255. The court, therefore, intends to re-characterize your motion as one filed pursuant to § 2255. This re-characterization means that any subsequent § 2255 motion you file will be subject to the restrictions on "second or successive" motions set forth in that statute.[2] You therefore may **withdraw** your May 12, 2011, motion, or **amend** it so that it contains all the § 2255 claims you believe you have.

**Mr. Newby**, you further are advised that the waiver language in your Memorandum of Plea Agreement at ¶ 2c, provides that you have given up your right to file any post-conviction motions, including one pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your guilty plea.

**Mr. Newby**, if you decide not to withdraw this motion, you must *fully complete and return for filing the enclosed form*, which is required in the Eastern District of North Carolina for § 2255 motions.

**Mr. Newby**, on or before **June 22, 2011**, you are DIRECTED to file with this court a *Written Notice* of your decision whether or not to withdraw or amend your May 12, 2011, motion [DE-47]. If you decide to *amend* your motion, you shall submit for filing a completed § 2255 form, enclosed, stating all the § 2255 claims for relief you wish to raise. Please note that the form requires that you explain *why you contend that this motion is timely under the one-year statute of limitations* applicable to § 2255 motions. If you decide to *withdraw* your motion, you shall simply file a Notice of Withdrawal of Claim for Collateral Relief.

---

[2] Specifically, a second or successive § 2255 motion must be certified by a panel of the Fourth Circuit Court of Appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found [you] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

You shall mail your Written Notice and, if applicable, your completed § 2255 form, to:

Clerk of Court, EDNC
Attn: Prisoner Division
Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601

**YOU FURTHER ARE ADVISED THAT YOUR FAILURE TO RESPOND TO THIS ORDER IN A TIMELY MANNER AS DIRECTED HEREIN WILL RESULT IN THE COURT'S RE-CHARACTERIZATION OF YOUR MAY 12, 2011, MOTION [DE-47] AS HAVING BEEN FILED PURSUANT TO 28 U.S.C. § 2255, AND IT WILL BE ADJUDICATED AS SUCH.**

The Clerk of Court is DIRECTED to forward, along with a copy of this order, a blank § 2255 form for completion by Newby. The Clerk of Court further is DIRECTED to re-submit this motion to the undersigned upon receipt of Newby's Written Notice as directed herein, but in no event later than June 24, 2011. Newby's Motion to Reduce Sentence [DE-47] is HELD IN ABEYANCE pending further order of this court.

SO ORDERED.

This the 16th day of May, 2011.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge

3